THEODORE B. STOLMAN (BAR NO. 52099)
ted.stolman@ffslaw.com
CAROL CHOW (BAR NO. 169299)
carol.chow@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Defendant
MHC FINANCIAL SERVICES INC.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED, aka EPHE CORPORATION,<br><br>Debtor.<br><br>——————————————<br>KYLE EVERETT,<br>TRUSTEE IN BANKRUPTCY,<br><br>Plaintiff,<br><br>vs.<br><br>MHC FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No. 20-30819 DM<br><br>Chapter 7<br><br>Adv No. 21-03036<br><br>**ANSWER OF MHC FINANCIAL SERVICES INC. TO COMPLAINT** |

Defendant MHC Financial Services, Inc. ("**MHC**") answers Plaintiff's complaint as follows:

1. In response to Paragraph 1 of the Complaint, MHC admits the allegations in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, MHC admits the allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint sets forth jurisdictional allegations and legal conclusions to which no response is required.

4. Paragraph 4 of the Complaint sets forth jurisdictional allegations and legal conclusions to which no response is required.

5. Paragraph 5 of the Complaint sets forth jurisdictional allegations and legal conclusions to which no response is required.

6. Paragraph 6 contains a statement concerning a consent by Plaintiff to which no response is required. To the extent a response is required, MHC states it reserves all of its rights and remedies provided by the Bankruptcy Code and by law.

7. In response to Paragraph 7 of the Complaint, MHC admits that Benja represented to MHC that it had business relationships with Nike, Backcountry and Columbia related to online advertising. MHC is without sufficient information to admit or deny the remaining allegations in Paragraph 7 of the Complaint and, as a result, denies the same.

8. In response to Paragraph 8 of the Complaint, MHC admits that it is a Missouri corporation that, at all times relevant, provided accounts receivable factoring services to its customers. The remaining allegations in Paragraph 8 are denied.

9. In response to Paragraph 9 of the Complaint, MHC admits that on or about July 19, 2019 a UCC-1 Financing Statement was purportedly recorded with the Delaware Secretary of State by Busey Bank. The remaining allegations contained in Paragraph 9 of the Complaint contain Plaintiffs' characterization of the UCC-1 Financing Statement and MHC denies any allegation inconsistent with such UCC-1 Financing Statements. MHC is without sufficient information to admit or deny the remaining allegations in Paragraph 9 of the Complaint and, as a

result, denies the same.

10. The allegations in Paragraph 10 contain the Trustee's legal conclusions to which no response is required. To the extent that a response is required, MHC is without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and, as a result, denies the same.

11. In response to Paragraph 11 of the Complaint, MHC admits that on or about March 13, 2020, Benja submitted a Factoring Application to MHC, signed by Chapin and Goode for the purposes of pursuing the sale of accounts receivable by Benja to MHC. MHC is without sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Complaint and, as a result, denies the same.

12. In response to Paragraph 12 of the Complaint, MHC admits the allegations contained in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, MHC admits that it discussed the Busey Bank lien with Chapin and that Chapin made certain representations regarding the Busey Bank lien. The remaining allegations contained in Paragraph 13 of the Complaint are denied.

14. In response to Paragraph 14 of the Complaint, MHC admits that it generally desired to purchase accounts receivable when there were no prior UCC-1 Statements filed against the customer. MHC denies all other allegations contained in Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, MHC admits that it received a document from Chapin which appeared, and MHC believed, to be a termination of the Busey Bank Lien filed with the Delaware Secretary of State. MHC denies the remaining allegations in Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, the allegations contained in Paragraph 16 of the Complaint contain Plaintiffs' characterization of certain provisions of the Factoring Services Agreement to which no response is required and MHC denies any allegations in Paragraph 16 of the Complaint to the extent they are inconsistent with the Factoring Services Agreement. MHC respectfully refers the Court to the entire Factoring Services Agreement for the full meaning and terms thereof.

Case: 21-03036    Doc# 8    Filed: 09/07/21    Entered: 09/08/21 10:12:10    Page 3 of 10

17.     In response to Paragraph 17 of the Complaint, MHC admits that it obtained information concerning Benja prior to entering into the Factoring Services Agreement and prior the purchase of any accounts receivable. The remaining allegations contained in Paragraph 17 contain the Trustee's characterization of the Factoring Services Agreement and legal conclusions and MHC denies all other allegations contained in Paragraph 17. MHC respectfully refers the Court to the entire Factoring Services Agreement for the full meaning and terms thereof.

18.     In response to Paragraph 18 of the Complaint, MHC admits that the Factoring Services Agreement was signed by MHC and Benja and that Mr. Chapin and Mr. Goode signed that certain Guaranty. MHC denies any allegations in Paragraph 18 of the Complaint to the extent they are inconsistent with the Factoring Services Agreement and Guaranty.

19.     In response to Paragraph 19 of the Complaint, MHC admits the allegations contained in Paragraph 19 of the Complaint.

20.     In response to Paragraph 20 of the Complaint, MHC admits that it agreed to purchase accounts receivable from Benja following the execution of the Factoring Services Agreement. MHC further admits, that based on certain representations from Chapin, that it permitted Chapin to issue notices of assignment to the account debtors directly and Chapin provided copies of those notices and confirmations to MHC. MHC denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     In response to Paragraph 21 of the Complaint, MHC admits that it purchased accounts receivables from Benja on or around the dates and for the amounts noted in Paragraph 21 of the Complaint. MHC denies all remaining allegations in Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, MHC is without sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and, as a result, denies the same.

23.     In response to Paragraph 23 of the Complaint, MHC is without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and, as a result, denies the same.

24.     In response to Paragraph 24 of the Complaint, MHC admits to sending a letter

5099856.1

4

Case: 21-03036   Doc# 8   Filed: 09/07/21   Entered: 09/08/21 10:12:10   Page 4 of 10

dated July 17, 2020 to Benja. The allegations in Paragraph 24 also contain Plaintiffs' characterization of the letter and MHC denies any allegations in Paragraph 24 of the Complaint to the extent they are inconsistent with the contents of the letter.

25. In response to Paragraph 25 of the Complaint, MHC admits to receiving the "Promise to Pay" on or about July 21, 2020. With respect to any remaining allegations, MHC denies any allegations in Paragraph 18 of the Complaint to the extent they are inconsistent with the contents of the promise to pay.

26. In response to Paragraph 26 of the Complaint, MHC admits that it entered into a certain Forbearance Agreement with Benja. The remaining allegations of Paragraph 26 contain Plaintiffs' characterization of the Forbearance Agreement and MHC denies any allegations in Paragraph 26 of the Complaint to the extent they are inconsistent with the Forbearance Agreement and MHC respectfully refers the Court to the Forbearance Agreement for the full meaning and terms thereof.

27. In response to Paragraph 27 of the Complaint, MHC admits the allegations contained in Paragraph 27 of the Complaint.

28. In response to Paragraph 28 of the Complaint, MHC admits that it received the amounts identified in Paragraph 28 of the Complaint and that the wire information MHC received indicated that the source of the amounts was an account at Busey Bank. MHC denies all other allegations in Paragraph 28, including, without limitation, any of Plaintiff's characterizations of such amounts and the allegations that these payments constitute preferential or fraudulent transfers.

29. In response to Paragraph 29 of the Complaint, MHC admits it received a total amount of Four Million Nine Hundred Twenty Three Thousand Six Hundred Sixty Four and 05/100 Dollars ($4,923,664.05) and MHC denies all other allegations in Paragraph 29 of the Complaint, including, without limitation, any of Plaintiffs' characterizations of the amounts.

30. In response to Paragraph 30 of the Complaint, MHC admits that MHC was told by Chapin that the source of the funds for certain amounts were payments on the accounts MHC purchased from Benja that Benja received from account debtors directly. MHC is without

Case: 21-03036    Doc# 8    Filed: 09/07/21    Entered: 09/08/21 10:12:10    Page 5 of 10

sufficient information to admit or deny the remaining allegations in Paragraph 30 of the Complaint and, as a result, denies the same.

31. In response to Paragraph 31 of the Complaint, MHC denies the allegations contained in Paragraph 31 of the Complaint.

32. MHC restates its responses to Paragraph 1 through 31 of the Complaint.

33. MHC denies the allegations in Paragraph 33 of the Complaint.

34. MHC denies the allegations in Paragraph 34 of the Complaint.

35. MHC restates its responses to Paragraph 1 through 31 of the Complaint.

36. MHC denies the allegations in Paragraph 36 of the Complaint.

37. MHC denies the allegations contained in Paragraph 37 of the Complaint.

38. MHC restates its responses to Paragraph 1 through 31 of the Complaint.

39. MHC denies the allegations contained in Paragraph 39 of the Complaint.

40. MHC denies the allegations in Paragraph 40 of the Complaint.

41. MHC restates its responses to Paragraph 1 through 31 of the Complaint.

42. MHC denies the allegations in Paragraph 42 of the Complaint.

43. MHC denies the allegations in Paragraph 43 of the Complaint.

44. MHC denies the allegations in Paragraph 44 of the Complaint.

45. MHC restates its responses to Paragraph 1 through 31 of the Complaint.

46. MHC denies the allegations in Paragraph 46 of the Complaint.

47. MHC denies the allegations in Paragraph 47 of the Complaint.

48. MHC restates its responses to Paragraph 1 through 31 of the Complaint.

49. Paragraph 49 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, MHC denies all allegations contained in Paragraph 49 of the Complaint.

50. MHC admits that it disputes Plaintiff's contention and MHC denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, MHC denies all allegations in Paragraph 51 of the

Case: 21-03036    Doc# 8    Filed: 09/07/21    Entered: 09/08/21 10:12:10    Page 6 of 10

Complaint.

52. MHC denies the allegations in Paragraph 52 of the Complaint.

53. MHC restates its responses to Paragraph 1 through 31 of the Complaint.

54. Paragraph 54 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, MHC denies all allegations contained in Paragraph 54 of the Complaint.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following separate affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

55. MHC specifically denies each and every allegation not expressly admitted herein.

## SECOND AFFIRMATIVE DEFENSE

56. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, as the amounts MHC received from Benja were not made with an actual intent to hinder, delay or defraud Benja's creditors.

## FOURTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, as Benja's business operations did not constitute a Ponzi Scheme.

## FIFTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, as the amounts MHC received from Benja were for value and in good faith pursuant to 11 USC § 548(C).

## SIXTH AFFIRMATIVE DEFENSE

60. To the extent that the receivables sold to MHC by Benja were fraudulent, then any transfer of funds up to the amount of the initial purchases by MHC would have been in satisfaction of MHC's fraud claim against Benja and not subject to recovery as a fraudulent conveyance.

## SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, as MHC has a perfected security

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Case: 21-03036    Doc# 8    Filed: 09/07/21    Entered: 09/08/21 10:12:10    Page 7 of 10

interest in the funds paid to MHC by Benja as the Factoring Services Agreement granted MHC a broad security interest in all of Benja's assets, including funds and proceeds, and, by taking possession of those assets, MHC had a first priority perfected security interest in the funds.

### EIGHTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred, in whole or in part, because, pursuant to the Factoring Services Agreement, MHC purchased accounts receivables of Benja. As a result, these sale transactions are not subject to a preference action.

### NINTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred, in whole or in part, by the earmarking doctrine as a third party made a loan to Benja for the known purpose of paying MHC.

### TENTH AFFIRMATIVE DEFENSE

64. A constructive trust in favor of MHC exists with respect to the funds paid by Benja under Sections 2223 and 2224 of the California Civil Code and pursuant to the terms of the Factoring Services Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred, in whole or in part, as the payments made by Benja to MHC constitute covered payments of supplier arrearages as set forth in 11 U.S.C. § 547(j).

### TWELFTH AFFIRMATIVE DEFENSE

66. The claims set forth in the Complaint are barred by the doctrine of recoupment.

### THIRTEENTH AFFIRMATIVE DEFENSE

67. To the extent Plaintiff's actions to recover the alleged transfers results in the avoidance of any transfers, which is vehemently denied, MHC will possess a claim in the Chapter 7 case. That claim will be in an amount no less than the value of the property transferred and avoided as a result of the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred on the grounds that the transfers at issue did not involve property of the estate.

Case: 21-03036    Doc# 8    Filed: 09/07/21    Entered: 09/08/21 10:12:10    Page 8 of 10

### FIFTEENTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred to the extent the transfers at issue were in contemporaneous exchange for new value.

### SIXTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred to the extent new value was subsequently provided.

### SEVENTEENTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred on the grounds of fraud.

### EIGHTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred on the grounds of estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred on the grounds of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

74. MHC reserves the right to add or amend any affirmative defense to the Complaint (or as otherwise amended or modified), including, but not limited to, adding or amending any affirmative defenses that it may discover during the course of discovery.

WHEREFORE, MHC denies that the Plaintiff is entitled to any relief as a result of the allegations contained in the Complaint and respectfully requests: (i) that judgment be entered in its favor; (ii) that it be awarded its costs in this action, including attorneys' fees, and (iii) that the Court grant such and other and further relief as is just and proper.

DATED: September 7, 2021

FREEMAN, FREEMAN & SMILEY, LLP

By: _____
THEODORE B. STOLMAN
CAROL CHOW
Attorneys for Defendant
MHC FINANCIAL SERVICES, INC.

Case: 21-03036   Doc# 8   Filed: 09/07/21   Entered: 09/08/21 10:12:10   Page 9 of 10

RECEIVED
SEP 08 2021
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

RECEIVED
US BANKRUPTCY COURT
2021 SEP -7 P 4: 22
450 GOLDEN GATE AVE
SAN FRANCISCO, CA 94102

Name: _____

Case #: 20-30819 DM