1  THEODORE B. STOLMAN (BAR NO. 52099)
   ted.stolman@ffslaw.com
2  CAROL CHOW (BAR NO. 169299)
   carol.chow@ffslaw.com
3  FREEMAN, FREEMAN & SMILEY, LLP
   1888 Century Park East, Suite 1500
4  Los Angeles, California 90067
   Telephone: (310) 255-6100
5  Facsimile: (310) 255-6200

6  GREGORY S. GERSTNER (Admitted *Pro Hac Vice*)
   GGerstner@sb-kc.com
7  BENJAMIN A. REED (Admitted *Pro Hac Vice*)
   BReed@sb-kc.com
8  SEIGFREID BINGHAM, P.C.
   2323 Grand Blvd., Suite 1000
9  Kansas City, Missouri 64108
   Telephone: (816) 421-4460
10 Facsimile: (816) 474-3447

11 Attorneys for Defendant
   MHC FINANCIAL SERVICES, INC.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>BENJA INCORPORATED, aka EPHE CORPORATION,<br><br>Debtor. | Case No. 20-30819 DM<br>Chapter 7<br>Hon. Dennis Montali |
| KYLE EVERETT,<br>TRUSTEE IN BANKRUPTCY,<br><br>Plaintiff,<br><br>v.<br><br>MHC FINANCIAL SERVICES, INC.,<br><br>Defendant. | Adversary Proceeding No. 21-03036<br><br>**DEFENDANT'S STATUS CONFERENCE STATEMENT**<br><br>Status Conference<br><br>Date: March 25, 2022<br>Time: 1:30 PM<br>Ctrm: Tele/videoconference |

Defendant MHC Financial Services, Inc. ("MHC"), hereby respectfully submits this status report to bring to the Court's attention Plaintiff's continuing refusal to produce documents in response to MHC's discovery requests while concurrently filing a partial summary judgment motion on minimal notice, thereby severely prejudicing MHC's ability to respond to the motion. MHC believes that the Court should continue the hearing on Plaintiff's partial summary judgment motion until after Plaintiff complies with its discovery obligations by producing the requested documents and after providing MHC with a reasonable opportunity to review the documents so that it is able to properly respond to the Motion. In further support of this request, MHC states as follows:

1. On January 22, 2021, the Court issued an Order Granting Trustee's *Ex Parte* Application pursuant to Rule 2004 for Production of Documents and Examination of MHC ("2004 Order") (Doc. 81).

2. Pursuant to the 2004 Order, on February 25, 2021, MHC served a document production to the Trustee consisting of MHC's entire file concerning Benja, Incorporated ("Benja") and communications consisting of 6,281 pages of documents.

3. Plaintiff filed his complaint on August 5, 2021, seeking avoidance and recovery of a total of $4,923,664.05 which plaintiff alleges are preferential or fraudulent transfers.

4. On October 18, 2021, MHC propounded its First Set of Requests for Production to Plaintiff ("Requests").

5. On November 17, 2021, Plaintiff responded to MHC's Requests but produced none of the requested documents which are relevant to Plaintiff's claims. Many of the Plaintiff's responses to MHC's Requests indicated that "all responsive non-privileged documents have been or will be produced."

6. Also, on November 17, 2021, immediately after receiving and reviewing Plaintiff's responses to MHC's Requests, counsel for MHC inquired about the status of Plaintiff's document production.

7. Counsel for Plaintiff responded on November 17th that "I am working with the Trustee on getting you the documents. I expect he will have them to be by next week, which is Thanksgiving. Then I need to review them for privilege and get them bates stamped."

8. On December 29, 2021, counsel for both parties conducted a telephone conference to discuss a number of discovery issues including the status of the Trustee's document production. During the telephone conference, counsel for Plaintiff indicated that Plaintiff's document production had been delayed by the pending sentencing of Andrew Chapin, the former Chief Executive Officer of Benja, Inc. which occurred on December 15, 2021.

9. On January 26, 2022, counsel conducted another short telephone conference regarding the status of the case. During this status conference, counsel for Plaintiff indicated that Plaintiff was in the process of working with an electronic discovery vendor to review and produce documents responsive to MHC's Requests.

10. On March 18, 2022, counsel for Plaintiff filed a Motion for Partial Summary Judgment and Declaration in Support (Docs. 21, 22) seeking judgment as a matter of law against MHC on its preferential transfer claims totaling $3,083,036.21 and scheduled a hearing on this motion for April 15, 2022 without conferring with counsel for MHC.

11. To date, Plaintiff has yet to produce documents responsive to MHC's Requests.

12. MHC understands that electronic discovery is time consuming and, as a result, has not yet sought to compel the production of documents responsive to the Requests. However, this courtesy was extended based on the understanding that Plaintiff was focused on completing his document production as soon as practical.

13. Instead of spending the time between now and the present date completing his document production, Plaintiff has drafted and filed a lengthy motion for partial summary judgment and declaration in support totaling 136 pages having the benefit of over a year to review and analyze MHC's document production.

14. MHC is now in the position of having to respond to Plaintiff's motion for partial summary judgment without the benefit of any of Plaintiff's documents that were requested nearly five months ago.

15. Also, on March 18, 2022, counsel for Plaintiff filed a Status Conference Statement (Doc. 20) requesting a continuance of the status conference scheduled for March 25, 2022.

16. Given the above issues related to discovery, MHC objects to Plaintiff's request for a continuance of the March 25, 2022 scheduling conference and requests that the status conference proceed in order to address Plaintiff's continuing refusal to produce any of the relevant documents while concurrently seeking summary adjudication on minimal notice.

DATED: March 21, 2022                FREEMAN, FREEMAN & SMILEY, LLP

By: _____*/s/ Carol Chow*_____
THEODORE B. STOLMAN
CAROL CHOW

-- and --

SEIGFREID BINGHAM, P.C.
BENJAMIN A. REED
GREGORY S. GERSTNER

Attorneys for Defendant
MHC FINANCIAL SERVICES, INC.