Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Ryan A. Witthans (SBN 301432)
FINESTONE HAYES LLP
456 Montgomery St., 20th Floor
San Francisco, California 94104
Telephone No.: 415.414.0466
Fax No.: 415.398.2830
sfinestone@fhlawllp.com
jhayes@fhlawllp.com

Attorneys for Kyle Everett,
Trustee in Bankruptcy

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED, aka EPHE CORPORATION,<br><br>       Debtor. | Case No. 20-30819-DM<br>Chapter 7 |
| KYLE EVERETT,<br>TRUSTEE IN BANKRUPTCY,<br><br>       Plaintiff,<br><br>v.<br><br>MHC FINANCIAL SERVICES, INC.,<br><br>       Defendant. | Adversary Proceeding No. 21-03036-DM<br><br>**PLAINTIFF'S STATEMENT REGARDING SCHEDULING OF HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing:<br>Date:    April 15, 2022<br>Time:    10:15A.M.<br>Place:   Tele/video conference<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

Kyle Everett (the "Plaintiff" or the "Trustee") provides an update to the Court regarding

the scheduling of the hearing on Plaintiff's Motion for Partial Summary Judgment (the "Motion").

The Trustee and Defendant, MHC Financial Services, Inc. ("MHC") met and conferred regarding

a continued hearing on the Motion but could not reach agreement. The Motion seeks a ruling as to

the Trustee's preference claims against MHC. Debtor paid MHC $3,083,036 within the 90-day

STATUS CONF STATEMENT

preference period and the Trustee asserts that there is no defense to his ability to recover these payments. MHC asserts the following affirmative defenses relating to the Trustee's preference claim: (i) it held a perfected security interest in the funds Debtor used to pay MHC; (ii) the transaction between Debtor and MHC was a sale transaction under which MHC purchased Debtor's accounts receivable, thereby making the payment immune from preference claims; (iii) the preference claim is barred by the "earmarking doctrine"; (iv) the payments to MHC were "supplier arrearages" under Section 547(j); (v) the payments were not of property of the estate; and (vi) the payments were a contemporaneous exchange for new value.

Separate from the preference claim, the Trustee seeks to recover additional payment from Debtor to MHC outside the preference period. The payments are approximately $1,840,627, and the Trustee asserts that these are recoverable fraudulent conveyances. MHC disputes these claims but the fraudulent conveyance claims are not part of the Motion.

The dispute over scheduling involves MHC's discovery requests. MHC takes the position that it must first receive a complete production in response to its voluminous discovery requests, and only after it has had the opportunity to review all discovery will it be able to decide how much time it needs to respond to the Motion.

Plaintiff does not believe this position is reasonable for the following reasons:

- The discovery requests are overbroad generally, though the Trustee and MHC continue to meet and confer over their disagreements regarding the requests.
- As is demonstrated below, the requests are generally not connected to the issues before the Court in the Motion.
- MHC has not identified what discovery it needs to do to adequately oppose the Motion as required by Rule 56(d).
- The production of documents, of which the Trustee has already produced approximately 20,000 pages, will be voluminous due to the scope of MHC's requests. Accordingly, it will take MHC time to review the production, but the Motion should not be held up given the irrelevance of the production to the Motion.

STATUS CONF STATEMENT

-   MHC subpoenaed documents from more than twenty other parties and received documents from those parties. As with the document requests to the Trustee, most of those third-party subpoenas do not relate to the Motion. MHC did, however, subpoena documents from Busey Bank, which are potentially relevant to one of its possible arguments in response to the Motion. Busey Bank produced documents to MHC in response to the subpoena.

To give the Court a sense of the scope of MHC's requests, below are several examples:

**Request No. 3 – All non-privileged DOCUMENTS received by YOU from BENJA.**[1]

**Request No. 4 – All non-privileged DOCUMENTS received by YOU from any employee or representative of BENJA.**

**Request No. 5 – All DOCUMENTS and COMMUNICATIONS related to the business operations of BENJA.**

**Request No. 6 – All contractual agreements and COMMUNICATIONS with any creditor, investor or other third party that had a business relationship with BENJA, including, but not limited to … [27 separately named parties].**

**Request No. 8 – All DOCUMENTS constituting account statements or other financial records of Andrew Chapin.**

These requests and many like them do not relate to the Motion. As such the production of documents related to these requests is not a basis to delay the hearing.

The Trustee proposes that MHC be allowed 60 days to complete any additional discovery and then another 30 days to file its response to the Motion. The Trustee would then have his normal time to reply with a hearing set 14-days after MHC's opposition, subject to the Court's availability.

---

[1] The terms "Documents", "YOU" and "Benja" are all defined by MHC to expand the scope of the request.

Dated: April 13, 2022

FINESTONE HAYES LLP


By: /s/ Stephen D. Finestone
      Stephen D. Finestone
      Attorneys for Kyle Everett, Trustee in Bankruptcy