THEODORE B. STOLMAN (BAR NO. 52099)
ted.stolman@ffslaw.com
CAROL CHOW (BAR NO. 169299)
carol.chow@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

GREGORY S. GERSTNER (Admitted Pro Hac Vice)
GGerstner@sb-kc.com
BENJAMIN A. REED (Admitted Pro Hac Vice)
BReed@sb-kc.com
SEIGFREID BINGHAM, P.C.
2323 Grand Blvd., Suite 1000
Kansas City, Missouri 64108
Telephone: (816) 421-4460
Facsimile: (816) 474-3447

Attorneys for Defendant
MHC FINANCIAL SERVICES, INC.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED, aka EPHE CORPORATION,<br><br>Debtors.<br><br>KYLE EVERETT, TRUSTEE IN BANKRUPTCY,<br><br>Plaintiff,<br><br>vs.<br><br>MHC FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No. 20-30819 DM<br>Chapter 7<br><br>Adv No. 21-03036<br><br>**DEFENDANT MHC FINANCIAL SERVICES, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF KYLE EVERETT SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: July 29, 2022<br>Time: 10:30 a.m.<br>Place: Via Tele/Videoconference |

MHC Financial Services, Inc. ("MHC") hereby submits these evidentiary objections to the Declaration of Kyle Everett that was filed in support of Plaintiff's Motion for Partial Summary Judgment [Docket No. 22], as follows:

| DECLARATION OF KYLE EVERETT | EVIDENTIARY OBJECTION |
|---|---|
| <u>Paragraph 3 and Exhibit B</u>: "3. On or about July 19, 2019, a UCC-1 Financing Statement was recorded with the Delaware Secretary of State evidencing a blanket security interest in Benja's assets in favor of Busey Bank as the secured party, filed as Document No. 2019 500 5348 (the "Busey Bank Lien"). A copy of the Busey Bank Lien, which I am informed and believe is an authentic copy, is attached as Exhibit B." | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |
| <u>Paragraph 4 and Exhibits C-1 and C-2</u>: "I am informed and believe that the Busey Bank Lien is valid and enforceable and that it has never been reconveyed. Attached as Exhibit C-1 is what I am informed and believe is an authentic copy of the UCC lien search results for the Debtor via a Lexis public records search on March 2, 2022. Attached as Exhibit C-2 is what I am informed and believe is an authentic copy of the UCC lien search results for Busey Bank as the Secured Party and Benja as the Debtor, via a Lexis public records search on March 2, 2022. According to these research results, the Busey Bank Lien was never terminated." | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |
| <u>Paragraph 5 (underlined portion)</u>: "5. I am informed and believe that Andrew Chapin, as the President and CEO of Benja, gave MHC a purported UCC termination notice, <u>which I am informed and believe was fraudulent</u>. Attached as Exhibit D is an authentic copy of the purported Busey Bank Lien termination notice." | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |

| DECLARATION OF KYLE EVERETT | EVIDENTIARY OBJECTION |
|---|---|
| Paragraph 6 (underlined portion): "6. I attended the Rule 2004 exam of MHC's Vice President, Dan Anderson. <u>In summary, Mr. Anderson testified that MHC conducted its own separate UCC research and noted that the Busey Bank lien still appeared after the date of the purported termination of the Busey Bank's termination notice. In summary, Mr. Anderson testified that while MHC noted the Busey Bank lien still existed, MHC believed its apparent existence was a function of the recorded termination not yet appearing in the official records.</u> Attached as Exhibit E is the relevant portion of Mr. Anderson's examination." | Lack of foundation (FRE 602, 701, 901); hearsay (FRE 802); violates the best evidence rule. |
| Paragraph 7 (underlined portion): "7. <u>Following execution of the Factoring Services Agreement, I am informed and believe that Chapin arranged to sell and MHC agreed to buy purported accounts receivable owned by Benja related to the CPM Business; however, no such accounts receivable existed.</u> Attached as Exhibit F is an authentic copy of the Criminal Plea Agreement by Andrew Chapin." | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |
| Paragraph 8 (underlined portion): "8. Pursuant to the Factoring Services Agreement, <u>I am informed and believe that MHC **advanced** approximately $4,482,707.79 in funds to Benja on the following dates for the purported purchase of the Factored Accounts Receivable:</u> … Attached as Exhibit G-1 are authentic copies of Benja's bank statements showing these transfers by MHC into Benja's bank account. These transfers from MHC were purportedly to purchase various Benja accounts receivable. <u>I am informed and believe that in reality the accounts receivable did not exist, as Chapin presented MHC with fraudulent orders by the purported account debtors, such as those attached herein as Exhibit G-2.</u>" | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DATED: July 15, 2022                FREEMAN, FREEMAN & SMILEY, LLP

By: _____
   Theodore B. Stolman
   Carol Chow

   – and –

   SEIGFREID BINGHAM, P.C.
   Gregory S. Gerstner
   Benjamin A. Reed

   Attorneys for Defendant
   MHC FINANCIAL SERVICES, INC.

5454229.1

4