Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Ryan A. Witthans (SBN 301432)
FINESTONE HAYES LLP
456 Montgomery St., 20th Floor
San Francisco, California 94104
Telephone No.: 415.414.0466
Fax No.: 415.398.2830
sfinestone@fhlawllp.com
jhayes@fhlawllp.com

Attorneys for Kyle Everett,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED, aka EPHE CORPORATION,<br><br>Debtor. | Case No. 20-30819-DM<br>Chapter 7 |
| KYLE EVERETT,<br>TRUSTEE IN BANKRUPTCY,<br><br>Plaintiff,<br><br>v.<br><br>MHC FINANCIAL SERVICES, INC.,<br><br>Defendant. | Adversary Proceeding No. 21-03036-DM<br><br>**PLAINTIFF'S OBJECTIONS TO MHC FINANCIAL SERVICES, INC.'S EVIDENCE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing:<br>Date: July 29, 2022<br>Time: 10:30 a.m.<br>Place: Tele/video conference<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

Kyle Everett, ("Plaintiff" or the "Trustee"), hereby files this Opposition to MHC Financial Services, Inc.'s Evidence in Opposition to Plaintiff's Motion for Partial Summary Judgment and in support thereof states as follows:

PLAINTIFF'S OBJECTIONS TO MHC'S EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT

| EVIDENCE ISO MHC'S OPPOSITION | PLAINTIFF'S OBJECTIONS |
|---|---|
| Declaration of Erin Murphy, ECF 29, ECF p.27, ¶9: "Prior to purchasing any accounts receivable, MHC researched and reviewed the credit of each account debtor." | Vague and ambiguous as to which accounts receivable are being referenced; irrelevant (FRE 401, 403); hearsay (FRE 801); assumes facts not in evidence as to the existence of Benja account debtors. The material undisputed facts establish that Benja fabricated the existence of account debtors and accounts receivable. Everett Declaration, ECF 22, Exhibit F, Criminal Plea Agreement (e.g. "During the relevant time period (June 2019 through September 2020), I looked for additional investors and lines of credit for Benja. I told creditor and prospective investors that Benja generated $6,200,000 to $13,200,000 in revenue in 2018 and 2019, respectively, and had signed large contracts with numerous well-known companies including Nike, Fanatics, Patagonia, and Backcountry, to place advertisements for their excess inventory. In truth, I knew that my representations to creditors were false, as I had fabricated Benja's revenue and did not have contracts with any of these companies." ECF 22, ECF pp.38:25-39:3); *see also*. ECF 22, ECF p. 39:4-14 (admitting to falsifying aged receivables report because Benja did not have contracts related to the alleged receivables); *Id.* p.39:22-24 ("To secure investments, I provided materially false information to investors and I fabricated millions in revenue and accounts receivable from companies that never had a business relationship with Benja.")<br><br>Plaintiff's above objections to relevance, hearsay, and assumption of facts not in evidence are hereafter collectively defined as the **MASTER OBJECTION.** |
| Declaration of Erin Murphy, ECF 29, ECF p.27, ¶10: "MHC required Benja, as part of the Factoring Services Agreement, to direct its account debtors to make payments on any purchased invoices directly to MHC." | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |
| Declaration of Erin Murphy, ECF 29, ECF p.27, ¶11: "MHC repeatedly emphasized with Benja that the notice of assignment must be provided to each account debtor directly and that each account debtor must | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |

PLAINTIFF'S OBJECTIONS TO MHC'S EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT

2

Case: 21-03036    Doc# 31    Filed: 07/22/22    Entered: 07/22/22 16:00:45    Page 2 of 5

| | | |
|---|---|---|
| | make any payments on purchased accounts directly to MHC." | |
| | Declaration of Erin Murphy, ECF 29, ECF p.27, ¶12: "Prior to the purchase of any account, MHC required each account debtor to acknowledge that payments were made directly to MHC." | Vague and ambiguous as to which accounts receivable are being referenced. In addition, Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |
| | Declaration of Erin Murphy, ECF 29, ECF p.28, ¶13: "Andrew Chapin of Benja had informed MHC that issues with Busey Bank were preventing payment from being made from Benja to MHC." | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |
| | Declaration of Erin Murphy, ECF 29, ECF p.28, ¶14: "On or about July 28, 2020, I began communicating with Busey Bank personnel regarding Benja's relationship with MHC and the expectation that Benja would be making payment to MHC via Busey Bank." | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |
| | Declaration of Erin Murphy, ECF 29, ECF p.28, ¶15: "On or about August 5, 2020, I again communicated with Busey Bank personnel regarding Benja's relationship with MHC and the expectation that Benja would be making payment to MHC via Busey Bank." | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |
| | Declaration of Erin Murphy, ECF 29, ECF p.28, ¶16: "In my communications with Busey Bank personnel, I learned that Patrick Ricke was Busey Bank's Relationship Manager for Benja." | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |
| | Declaration of Erin Murphy, ECF 29, ECF p.28, ¶17: "On or around August 18, 2020, I communicated via phone with Patrick Ricke regarding MHC's relationship with Benja and MHC's expectation that it would soon be receiving a large wire transfer from Benja via Busey Bank." | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |
| | Declaration of Erin Murphy, ECF 29, ECF p.28, ¶18: "On or around August 18, 2020, during my conversation with Patrick Ricke, I informed Patrick Ricke that MHC was told by Benja that an issue with Busey was preventing payment of a large wire from Benja to MHC. Patrick Ricke responded by stating that Busey was working with Benja." | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. |

| | |
|---|---|
| Declaration of Erin Murphy, ECF 29, ECF p.28, ¶19: "On August 18, 2020, I emailed to Patrick Ricke a voicemail from a Compliance Representative from the State of California Franchise Tax Board regarding Benja's status of good standing with the State of California. . . ." | Plaintiff objects to this testimony, and to the related email, for the reasons set forth in his Master Objection. |
| Declaration of Erin Murphy, ECF 29, ECF p.28, ¶20: "The purpose of my August 18, 2020 email to Patrick Ricke was to facilitate the large wire transfer from Benja to MHC via Busey Bank that I had previously communicated about with Patrick Ricke." | Plaintiff objects to this testimony, and to the related email, for the reasons set forth in his Master Objection. |
| Declaration of Erin Murphy, ECF 29, ECF p.28, ¶21: "On or around August 18, 2020, after I sent the email to Patrick Ricke containing the voicemail from the State of California, I followed up with Patrick Ricke to confirm his receipt of the voicemail from the State of California and inquired about the status of the large wire transfer from Benja." | Plaintiff objects to this testimony, and to the related email, for the reasons set forth in his Master Objection. |
| Declaration of Erin Murphy, ECF 29, ECF p.28, ¶23: "Based on the foregoing, I am informed and believe that Busey Bank had knowledge of the relationship between Benja and MHC, that Busey Bank had knowledge of the funds from the increase in Benja's line of credit would be used to pay MHC, and that prior to processing the wire transfer on August 20, 2020, Busey Bank had knowledge that those specific funds would be paid to MHC." | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. In addition, Plaintiff objects to this testimony for the following additional reasons: lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |
| Opposition Brief, ECF 29, ECF p.6, ¶21; ECF 29, ECF p.12:15-17: "Benja obtained approximately $11.5 million from financial institutions and purchasers of its accounts receivable." (citing Claims Register) | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. Plaintiff objects to this testimony for the following additional reasons: lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |
| Opposition Brief, ECF 29, ECF p.12:18-20: "Approximately $1.21 million came from Benja's sale of its accounts receivable to E-Revshare Core, LLC." (citing Claims Register) | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. Plaintiff objects to this testimony for the following additional reasons: lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |

| | |
|---|---|
| Opposition Brief, ECF 29, ECF p.12:19-21: "Another $750,000 came from Benja's share of its accounts receivable to BB Lending, LLC." (citing Claims Register) | Plaintiff objects to this testimony for the reasons set forth in his Master Objection. Plaintiff objects to this testimony for the following additional reasons: lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). |

Dated: July 22, 2022         FINESTONE HAYES LLP

By: /s/ Jennifer C. Hayes
    Jennifer C. Hayes
    Attorneys for Kyle Everett, Trustee in Bankruptcy

PLAINTIFF'S OBJECTIONS TO MHC'S EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT