Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Ryan A. Witthans (SBN 301432)
FINESTONE HAYES LLP
456 Montgomery St., 20th Floor
San Francisco, California 94104
Telephone No.: 415.414.0466
Fax No.: 415.398.2830
sfinestone@fhlawllp.com
jhayes@fhlawllp.com

Attorneys for Kyle Everett,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED, aka EPHE CORPORATION,<br><br>Debtor. | Case No. 20-30819-DM<br>Chapter 7 |
| KYLE EVERETT,<br>TRUSTEE IN BANKRUPTCY,<br><br>Plaintiff,<br><br>v.<br><br>MHC FINANCIAL SERVICES, INC.,<br><br>Defendant. | Adversary Proceeding No. 21-03036-DM<br><br>**PLAINTIFF'S REPLY TO MHC FINANCIAL SERVICES, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF KYLE EVERETT SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing:<br>Date:   July 29, 2022<br>Time:   10:30 a.m.<br>Place:  Tele/video conference<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

Kyle Everett, ("Plaintiff" or the "Trustee"), hereby files this Reply to MHC Financial

Services, Inc.'s Evidentiary Objections (ECF 30) to the Declaration of Kyle Everett Submitted in

Support of Plaintiff's Motion for Partial Summary Judgment Objections to Evidence and in

PLAINTIFF'S REPLY TO OBJECTIONS TO EVIDENCE

support thereof states as follows:

| DECLARATION OF KYLE EVERETT | MHC'S OBJECTIONS | PLAINTIFF'S REPLY TO MHC'S OBJECTIONS |
|---|---|---|
| Paragraph 3 and Exhibit B: "3. On or about July 19, 2019, a UCC-1 Financing Statement was recorded with the Delaware Secretary of State evidencing a blanket security interest in Benja's assets in favor of Busey Bank as the secured party, filed as Document No. 2019 500 5348 (the "Busey Bank Lien"). A copy of the Busey Bank Lien, which I am informed and believe is an authentic copy, is attached as Exhibit B." | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). | MHC's objections to Paragraph 3 and Exhibit B should be overruled. There is no dispute of material fact that Busey Bank has an allowed, secured claim, based on the July 19, 2019 recorded UCC-1 financing statement 7/19/19 Busey Bank Lien as Exhibit 4, is an allowed secured claim. (Claim No. 1-2, Exhibit 4 to Claim No. 1-2, 11 U.S.C. § 502(a).[1] In addition, the Busey Bank Lien is a public document and, as such, the fact of its filing in the public records is subject to judicial notice. Fed. R. Evid. 201. Finally, the Federal Rules of Evidence should be "construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, . . . to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102. MHC does not contend that the Busey Bank Lien is untrustworthy and there is nothing to suggest that it is. |
| Paragraph 4 and Exhibits C-1 and C-2: "I am informed and believe that the Busey Bank Lien is valid and enforceable and that it has never been reconveyed. Attached as Exhibit C-1 is what I am informed and believe is an authentic copy of the UCC lien search results for the Debtor via a Lexis public records search on March 2, 2022. Attached as Exhibit C-2 is what I am informed and believe is an authentic copy of the UCC lien search results for Busey Bank as the Secured Party and Benja as the Debtor, via a Lexis public records search on March 2, 2022. According to these research | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). | MHC's objections should be overruled. As set forth above, there is no dispute of material fact that Busey Bank has an allowed secured claim. 11 U.S.C. § 502(a). In addition, the Lexis public records search results are public documents and, as such, are subject to judicial notice. Fed. R. Evid. 201. Finally, the Federal Rules of Evidence should be "construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, . . . to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102. MHC does not contend that the Lexis public records search results are untrustworthy and there is nothing to suggest that they are. |

---

[1] The Busey Secured Claim was filed on 10/30/20.

| | | | |
|---|---|---|---|
| results, the Busey Bank Lien was never terminated." | | | |
| Paragraph 5 (underlined portion): "5. I am informed and believe that Andrew Chapin, as the President and CEO of Benja, gave MHC a purported UCC termination notice, <u>which I am informed and believe was fraudulent</u>. Attached as Exhibit D is an authentic copy of the purported Busey Bank Lien termination notice." | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). | First, there is no material dispute of fact that Busey Bank has an allowed secured claim. 11 U.S.C. § 502(a). Second, MHC does not contest that Exhibit D to Mr. Everett's declaration is an authentic copy of the purported Busey Bank Lien termination notice. Third, MHC testified under oath that Mr. Chapin gave MHC a phony UCC termination notice. Everett Declaration, Exhibit E, pp. 103:6-108:3. Such testimony is a declaration of a party against interest and thus is not inadmissible hearsay. Fed. R. Evid. 801(d). | |
| Paragraph 6 (underlined portion): "6. I attended the Rule 2004 exam of MHC's Vice President, Dan Anderson. <u>In summary, Mr. Anderson testified that MHC conducted its own separate UCC research and noted that the Busey Bank lien still appeared after the date of the purported termination of the Busey Bank's termination notice. In summary, Mr. Anderson testified that while MHC noted the Busey Bank lien still existed, MHC believed its apparent existence was a function of the recorded termination not yet appearing in the official records.</u> Attached as Exhibit E is the relevant portion of Mr. Anderson's examination." | Lack of foundation (FRE 602, 701, 901); hearsay (FRE 802); violates the best evidence rule. | MHC does not contest that Exhibit E to Mr. Everett's declaration is an authentic copy of Mr. Anderson's testimony on behalf of MHC. The objected-to portion of Mr. Everett's declaration is a summary of that testimony. Thus, it is difficult to understand what the striking of Mr. Everett's summary of Mr. Anderson's testimony achieves for MHC. Plaintiff does not object to the admission of Exhibit E and the striking of the underlined sentence. | |
| Paragraph 7 (underlined portion): "7. <u>Following execution of the Factoring Services Agreement, I am informed and believe that Chapin arranged to sell and MHC agreed to buy purported accounts receivable owned by Benja related to the CPM Business; however, no such accounts receivable existed.</u> Attached as Exhibit F is an authentic copy of the Criminal Plea Agreement by | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). | MHC does not contest that Exhibit F to Mr. Everett's declaration is an authentic copy of Mr. Chapin's Criminal Plea Agreement. The objected-to portion of Mr. Everett's declaration is a summary of that Criminal Plea Agreement. Thus, it is difficult to understand what the striking of Mr. Everett's summary of Mr. Anderson's testimony achieves for MHC. Plaintiff does not object to the admission of Exhibit F and the striking of the underlined sentence. It is well | |

PLAINTIFF'S REPLY TO OBJECTIONS TO EVIDENCE

| | | | |
|---|---|---|---|
| Andrew Chapin." | | | settled that criminal plea agreements and their contents are subject to judicial notice. Fed. R. Evid. 201(b); *Green Valley Land & Cattle Co. v. Bailey*, 88-15703,1991 U.S. App. LEXIS 902 at *12-13 (9th Cir. 1991); *United States v. Ferguson*, 681 F.3d 826, 834-35 (6th Cir. 2012); *Colonel Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239-40 (4th Cir. 1989). |
| Paragraph 8 (underlined portion): "8. Pursuant to the Factoring Services Agreement, <u>I am informed and believe that MHC advanced approximately $4,482,707.79 in funds to Benja on the following dates for the purported purchase of the Factored Accounts Receivable:</u> … Attached as Exhibit G-1 are authentic copies of Benja's bank statements showing these transfers by MHC into Benja's bank account. These transfers from MHC were purportedly to purchase various Benja accounts receivable. <u>I am informed and believe that in reality the accounts receivable did not exist, as Chapin presented MHC with fraudulent orders by the purported account debtors, such as those attached herein as Exhibit G-2</u>. | Lack of foundation (FRE 602, 701, 901), speculative (FRE 602); improper opinion testimony (FRE 701, 702). | MHC does not contest that Exhibit G-1 is an authentic copy of Benja's bank statements showing transfers by MHC into Benja's bank account, or that such transfers from MHC were purportedly to purchase various Benja accounts receivable. In light of the admissibility of the Criminal Plea Agreement and its statement by Mr. Chapin regarding the non-existence of legitimate accounts receivable, Plaintiff does not object to the admission of Exhibit G-1 (and Exhibit F, *supra*) and to the striking of the objected-to sentences. |

Dated: July 22, 2022　　　　　　　　　　FINESTONE HAYES LLP


By: /s/ Jennifer C. Hayes
　　　Jennifer C. Hayes
　　　Attorneys for Kyle Everett, Trustee in Bankruptcy

PLAINTIFF'S REPLY TO OBJECTIONS TO EVIDENCE