1  Stephen D. Finestone (SBN 125675)
   Jennifer C. Hayes (SBN 197252)
2  Ryan A. Witthans (SBN 301432)
   FINESTONE HAYES LLP
3  456 Montgomery Street, Floor 20
   San Francisco, CA 94104
4  Tel.:    (415) 414-0466
   Fax:     (415) 398-2820
5  Email: sfinestone@fhlawllp.com
   Email: jhayes@fhlawllp.com
6  Email: rwitthans@fhlawllp.com

7  Attorneys for Kyle Everett,
   Trustee in Bankruptcy

8

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                   **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 13  In re BENJA INCORPORATED, *aka* EPHE CORPORATION, | Case No. 20-30819-DM<br>Chapter 7 |
| 14 | |
| 15      Debtor. | |
| 16  KYLE EVERETT, TRUSTEE IN BANKRUPTCY, | Adv. Proc. No. 21-03036-DM |
| 17 | **DECLARATION OF KYLE EVERETT** |
| 18      Plaintiff, | **IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR** |
| 19      v. | **PARTIAL SUMMARY JUDGMENT** |
| 20  MHC FINANCIAL SERVICES, INC., | Hearing: |
| 21 | Date:   July 29, 2022 |
|     Defendant. | Time:   10:30 a.m. |
| 22 | Place:  Tele/video conference |
| 23 | *Please check www.canb.uscourts.gov for* |
| 24 | *information regarding the Court's operations due to the COVID-19 pandemic.* |

25

26

27

28

EVERETT REPLY DECLARATION                                              i

I, Kyle Everett, declare as follows:

1. I make this declaration in support of the *Plaintiff's Reply in Support of Motion for Partial Summary Judgment* filed concurrently in the above-captioned adversary proceeding. The statements herein are based on my own knowledge, or my information and belief where indicated. If called as a witness, I could and would testify competently to the matters set forth herein. All capitalized terms not defined in this declaration have the meanings set forth in the reply.

2. The Motion to avoid the Preferential Transfers is based on reasonable due diligence given the circumstances of the case and after taking into account MHC's known or reasonably knowable affirmative defenses.

3. The funds currently in the estate total $1,601,647.57.

4. I am informed and believe that the estate has incurred attorneys' fees in the administration of the estate totaling no less than $500,000, which amount is expected to increase given the significant work yet to be done in the case. I am further informed and believe that the estate has incurred and will continue to incur additional administrative costs of currently unknown amounts, including the Trustee's Chapter 7 commission and administrative claims from the Chapter 11 estate, among others.

5. Based on my review of the estate's current and anticipated assets and liabilities, I am informed and believe that, even if I fully prevail in my adversary proceedings seeking to recover $250,000 from Thomas Peters and $4,923,664.05 from MHC, general unsecured creditors will not be paid in full. I am further informed and believe that MHC cannot recover the full amount of the Preferential Transfers through the anticipated Chapter 7 distributions.

6. Based on a review of the Debtor's bank statements and transactions, I completed a "lowest intermediate balance rule" ("LIBR") analysis to trace funds allegedly held in trust by the Debtor for the benefit of MHC. My analysis begins with the balance in Debtor's account at Busey Bank on the first month that any transactions with MHC appear. I then calculated the composition of the funds used to pay expenditures as either MHC funds or non-MHC funds using LIBR and "first-in, first-out" concepts. The initial funds at the beginning of the first month

EVERETT REPLY DECLARATION                                                                    ii

were not determined as they were entirely spent by the time the first MHC funds were received. An authentic copy of my analysis of the Busey Bank account is attached as **Exhibit A**.

      7.     As can be seen from my LIBR analysis, all of the funds the Debtor received from MHC were used prior to Debtor making the Preferential Transfers. There were no remaining funds related to the MHC deposits when the Preferential Transfers were made, and no MHC deposits were ever used to return funds to MHC.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2022.

                   */s/ Kyle Everett*
                   Kyle Everett